UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN RAY MILTON,

    Petitioner,

v.

CARMEN PALMER,

    Respondent.

_____/

Case No. 1:15-cv-143

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition (ECF No. 15). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

    Petitioner objects to the Magistrate Judge's analysis of each of the three grounds he presented for habeas relief as well as the Magistrate Judge's recommendation to deny a certificate of appealability. The Court will consider each objection, in turn.

I.   **Ineffective Assistance of Trial Counsel**

Petitioner first objects to the Magistrate Judge's analysis of his ineffective-assistance-of-counsel claim, a claim based on trial counsel's failure to advance at trial a theory of accidental discharge and counsel's failure to call Petitioner to the stand. Regarding the former, Petitioner argues that the Magistrate Judge did not appreciate that his trial counsel "picked an incompetent strategy" in choosing to instead advance a misidentification defense (Pet'r Obj., ECF No. 21 at PageID.1094). Excerpting various pieces of trial testimony in support, Petitioner opines that "[t]he only defense that had any chance whatever of resulting in a more favorable verdict was to argue that the shooting was an 'accident'" (*id.*).

Petitioner's objection lacks merit.

As set forth by the Magistrate Judge, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential (R&R, ECF No. 15 at PageID.1064, citing *Strickland v. Washington*, 466 U.S. 668 (1984), and *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Here, neither the ultimate failure of the misidentification defense at trial nor Petitioner's opinion that an accident defense would have been superior serves to demonstrate error in the Magistrate Judge's conclusion that the trial court's opinion rejecting Petitioner's ineffective-assistance-of-counsel claim is consistent with *Strickland* and its progeny (R&R, ECF No. 15 at PageID.1065). Specifically, it was not unreasonable for the state court to conclude that trial counsel's choice was not "outside the wide range of professionally competent assistance," *Strickland*, 466 U.S. at 687-88, considering all the circumstances. Moreover, even if counsel's performance were outside that range, Petitioner is not entitled to relief if counsel's alleged error had no effect on the judgment. Petitioner's subjective

assessment of the competing defenses does not serve to affirmatively demonstrate *Strickland* prejudice.

Similarly, Petitioner fails to demonstrate any error in the Magistrate Judge's conclusion that he is not entitled to relief on his claim that trial counsel was ineffective in failing to call him to the stand. While Petitioner now claims that he "wanted to testify" at trial (Pet'r Obj., ECF No. 21 at PageID.1098), Petitioner identifies no factual or legal error in the Magistrate Judge's conclusion that Petitioner has not and cannot overcome the presumptions that he willingly agreed to counsel's advice not to testify and that his attorney rendered effective assistance of counsel (R&R, ECF No. 15 at PageID.1068).

Petitioner's objection is properly denied.

## II. Lesser Included Offense

Petitioner objects to the Magistrate Judge's conclusion that his second claim for habeas relief—instructional error by the trial court—was "not a basis for habeas relief" (R&R, ECF No. at PageID.1069). Specifically, the Magistrate Judge concluded that Petitioner's claim that the trial court erred in declining to instruct the jury on involuntary manslaughter and accident did not provide a basis for habeas relief where (a) there is no miscarriage of justice or fundamental defect in due process, and (b) no clearly established Supreme Court authority requires lesser-included offense instructions in non-capital cases (*id.*). In his objection, Petitioner does not expressly dispute that he was not entitled to a lesser included offense instruction but argues that the Magistrate Judge erred in analyzing the issue solely as a failure to instruct on a lesser included offense (Pet'r Obj., ECF No. 21 at PageID.1100). Relying on *Mathews v. United States*, 485 U.S. 58, 63 (1988), Petitioner argues that the Magistrate Judge failed to appreciate that due process

entitled him "to receive *some* instruction that adequately afforded the jury the opportunity to consider the defense of accident" (*id.* at PageID.1098 [emphasis in original]).

Petitioner's objection lacks merit.

In *Mathews*, the Supreme Court held that a defendant "is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." 485 U.S. at 63. As the Sixth Circuit instructed, "*Mathews* does not control if we are given no basis upon which to overcome the state court's findings that there was not sufficient evidence to support the defendant's theory[.]" *Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001). It is well established that a court's failure to give an instruction on a defense theory of the case "does not deprive the defendant of his constitutional right to due process if the evidence produced during trial was insufficient to warrant such an instruction." *Allen v. Morris*, 845 F.2d 610, 617 (6th Cir. 1988); *see also Gimotty v. Elo*, 40 F. App'x 29, 34 (6th Cir. 2002) ("No due process violation occurs due to the failure to give an instruction on a defense where there was insufficient evidence as a matter of law to support such a charge.").

Here, the trial court expressly declined to give any jury instruction on involuntary manslaughter and accident, finding that "with respect to involuntary manslaughter, it would have to be accidentally discharged while intentionally aimed. There is no evidence to support that . . . . At best, there is only the evidence . . . that would support that the gunshot was contemporaneous with a swing" (ECF No. 6-15 at PageID.681). While Petitioner disagrees with the trial court's assessment of the evidence, his objection does not serve to overcome the state court's determination of the facts and meet his heavy burden of showing that the omitted instruction denied him due process. Petitioner's objection is properly denied.

### III. Ineffective Assistance of Appellate Counsel

Petitioner objects to the Magistrate Judge's determination that he cannot show prejudice resulting from his appellate counsel's failure to raise on direct appeal claims of ineffective assistance of counsel, failure to instruct on accident, and right to present a defense (Pet'r Obj., ECF No. 21 at PageID.1103-1104). According to Petitioner, the Magistrate Judge's prejudice determination is "wrong" in light of a footnote included by the Michigan Court of Appeals in its decision on his direct appeal (*id.* at PageID.1104-1105).

In the footnote upon which Petitioner relies, the appellate panel, discussing whether the factual scenario presented by Petitioner at trial fit within the definition of statutory involuntary manslaughter, observed that "the facts appear to better lend themselves to an accident instruction, but defendant has not appealed the trial court's failure to give an accident instruction" (ECF No. 6-16 at PageID.688). The appellate panel's dicta does not affirmatively demonstrate *Strickland* prejudice. Moreover, Petitioner has failed to identify any error in the Magistrate Judge's conclusion that these claims lack merit. This objection is properly denied.

### IV. Certificate of Appealability

Last, Petitioner objects to the Magistrate Judge's recommendation that no certificate of appealability issue. As indicated by the Magistrate Judge, under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), to warrant a grant of the certificate, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (R&R, ECF No. 15 at PageID.1071). Petitioner argues that the "comments [in the footnote included by the Michigan Court of Appeals] necessarily show that there are reasonable jurists who could find it debatable that appellate counsel should have raised this issue, and necessarily, that

appellate counsel should have raised the issue of trial counsel's deficient performance in not raising a defense of accident" (Pet'r Obj., ECF No. 21 at PageID.1105).

The Court does not agree that the footnote requires a different result. Certificates of appealability serve a gate-keeping function, ideally separating the constitutional claims that merit close attention from those claims that have little or no viability. *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). That a panel of the Michigan Court of Appeals observed, in dicta, that "the facts appear to better lend themselves to an accident instruction," is not judicial scrutiny of appellate counsel's performance, let alone the scrutiny required to determine whether Petitioner's claims entitle him to federal habeas relief. Petitioner's objection is properly denied. Further, having reviewed each claim individually, *Murphy v. Ohio*, 263 F.3d 466 (2001), this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong; therefore, a certificate of appealability will be denied as to each issue.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 21) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: March 8, 2018     /s/ Janet T. Neff
                          JANET T. NEFF
                          United States District Judge